UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SAIFUDDIN MAHMUD, individually and on behalf
of others similarly situated,

                Plaintiff

v.

SECURITY CREDIT SYSTEMS, INC.,

                Defendant

_____/

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT**
Case No.: 17cv3748
Request for Jury Trial

Plaintiff, Saifuddin Mahmud ("Plaintiff"), by and through his attorney, Subhan Tariq, Esq., as and for his Complaint against the Defendant, Security Credit Systems, Inc., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

1

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5.  Plaintiff Saifuddin Mahmud is a resident of State of New York and currently resides at 169-12 84th Avenue Fl. 1, Jamaica, NY 11432.

6.  Defendant Security Credit Systems, Inc., is a company engaged in the business of collecting debts with a principal place of business located at 622 Main St., Suite 301, Buffalo, NY 14202-1914.

7.  Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(30).

8.  The Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## ALLEGATIONS FOR CLASS ACTION

9.  Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received similar communications from the Defendant which violate provisions of the FDCPA.

10. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

2

11. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received communications from the Defendant, which violates various provisions of the FDCPA.

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of the Defendant's wrongdoing and, if so, what the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members interest, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1' through "19" herein with the same force and effect as if the same were set forth at length herein.

21. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

22. The Plaintiff received a letter from the Defendant, dated May 3, 2017, giving him notice to settle a debt [See Exhibit A]. The settlement offer was not stated.

23. The letter also stated that "[p]ayment must be made within 48 HOURS of receipt of this NOTICE."

24. This letter is defective on its face. It did not include the mandatory notices that requires a debt collector to state to the consumer 1) the right to dispute within thirty days, 2) the right

to have verification/judgment mailed to the consumer, and 3) the name and address of the original creditor if different from the current creditor.

25. The Defendant has mailed out this same autogenerated form of letter in the normal course of business.

26. There is a high likelihood that the Defendant mailed out this same autogenerated form of letter to thousands of people.

27. Therefore, a class action is warranted because the plaintiff class has the potential to be overly numerous.

## CAUSES OF ACTION

### FIRST COUNT
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692g – preface

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. 15 U.S.C. § 1692g – preface requires a debt collector to send a consumer a thirty-day validation notice within five days of the initial communication.

30. Defendant is in violation of 15 U.S.C. §1692g – preface by failing to send the Plaintiff a thirty-day validation notice within five days of the initial communication.

31. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692g(a)(3)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. 15 U.S.C. §1692g(a)(3) requires a debt collector to state to the consumer the right to dispute within thirty days.

34. The Defendant is in violation of 15 U.S.C. §1692g(a)(3) by failing to inform the Plaintiff of his right to dispute within thirty days.

35. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692g(a)(4)

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. 15 U.S.C. §1692g(a)(4) requires a debt collector to state to the consumer the right to have verification/judgment mailed to the consumer.

38. The Defendant is in violation of 15 U.S.C. §1692g(a)(4) by failing to inform the Plaintiff of his right to have verification/judgment mailed to him.

39. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FOURTH COUNT
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692g(a)(5)

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. 15 U.S.C. § 1692g(a)(5) requires a debt collector to state to the consumer the name and address of the original creditor if different from the current creditor.

42. The Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to inform the Plaintiff of the name and address of the original creditor.

43. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

44. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A)

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B)

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: June 21, 2017

Respectfully submitted,

___s/Subhan Tariq_____
Subhan Tariq, Esq.
Attorney I.D.# ST9597
The Tariq Law Firm, PLLC
**Attorney for Plaintiff**
9052 171st Street
Jamaica Estates, NY 11432
Telephone: (516) 900-4529
Facsimile: (516) 453-0490
Email: subhan@tariqlaw.com

To:    Security Credit Systems, Inc.
       622 Main St., Suite 301
       Buffalo, NY 14202-1914
       (*via Prescribed Service*)

       Clerk of the Court,
       United States District Court
       Eastern District of New York
       255 Cadman Plaza E.
       Brooklyn, NY 11201

       (*For Filing Purposes*)

# EXHIBIT A

PO BOX 846
BUFFALO, NY 14240-0846

**RETURN SERVICE REQUESTED**

**SECURITY CREDIT SYSTEMS, INC**
PO BOX 846   BUFFALO, NY 14240-0846

I WISH TO PAY BY CREDIT CARD (CHECK ONE)   ☐ 🔲   ☐ 🔲
THERE WILL BE A 2.5% PROCESSING FEE ADDED TO YOUR CHARGED AMOUNT
YOUR SIGNATURE BELOW AUTHORIZES BOTH THE PAYMENT AND FEE

CARDHOLDER NAME (Please Print) _____

CARD NUMBER _____   AMOUNT _____

SIGNATURE _____   EXP DATE _____

**ASA COLLEGE**
**ACCOUNT BALANCE:**   2492.00

REFERENCE NO.: 3085821 / 6

14
1 MB   *A-01-PUb-AM-35881-16
SAIFUDD N MAHMUD
16912 64TH AVE FL 1
JAMAICA NY 11432-1917

SECURITY CREDIT SYSTEMS, INC.
PO BOX 846
BUFFALO NY 14240-0846

---

DETACH AND RETURN COUPON WITH PAYMENT TO ENSURE PROPER CREDIT

05/03/2017

ASA COLLEGE
ACCOUNT BALANCE: 2492.00

REFERENCE NO.:   3085821 / 6

**CONVENIENT ONLINE PAYMENT OPTION!**
-FAST, SIMPLE AND SECURE-
VISIT: www.payscs.com

ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED
PROCESSING FEES THAT ARE APPLICABLE BY YOUR STATE LAWS AND REGULATIONS.

## NOTICE

You are hereby given NOTICE to settle this debt. Payment must be made within 48 HOURS of receipt of this NOTICE.

Your failure to comply may result in FURTHER ACTIVITY.

MAIL YOUR FULL PAYMENT TODAY TO: PO BOX 846
BUFFALO, NY 14240-0846

Very Truly Yours,

SECURITY CREDIT SYSTEMS, INC.                    14

John Owens

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
SECURITY CREDIT SYSTEMS, INC. IS A DEBT COLLECTION AGENCY.

NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS LICENSE NUMBER 0903305

SECURITY CREDIT SYSTEMS, INC. • THEATER PLACE • 622 MAIN STREET, SUITE 301 • BUFFALO, NEW YORK 14202 • (716)882-4515